**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

IN RE:       MICHAEL E. MANSEL                                           CASE NO. 19-10761-JDW

**MOTION OF UNION DEVELOPMENT CORPORATION**
**FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

Union Development Corporation ("UDC" or "Movant") files this Motion for Allowance and Payment of Administrative Expense Claim ("Motion"), and in support thereof would show as follows, to-wit:

1. This Court has jurisdiction over the subject matter herein and the parties hereto pursuant to 28 U.S.C. § 1334, 11 U.S.C. §§ 105, 362, 365, 554, along with other related statutes and rules. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A), (B), (G), (M) and (O).

2. On April 1, 2016, the debtor, Michael E. Mansel ("Debtor" or "Mansel"), executed an Agreement of Lease for the benefit of UDC, a copy of which is attached to and incorporated by reference as Exhibit "1" ("Lease Agreement") to UDC's CAUTIONARY MOTION OF UNION DEVELOPMENT CORPORATION TO CONFIRM LEASEHOLD DEEMED REJECTED BY OPERATION OF LAW, RELIEF FROM THE AUTOMATIC STAY TO THE EXTEND APPLICABLE, FOR ABANDONMENT OF PROPERTY OF THE ESTATE AND AUTHORITY TO DISPOSE OF OR DESTROY GOODS AND INVENTORY HOUSED IN LEASEHOLD AND FOR OTHER RELIEF ("Cautionary Motion") for the lease of approximately 14,000 commercial square feet located in the south end of Lamar Shopping Center at the corner of Bankhead and Highway 30 in New Albany, Mississippi ("Leased Premises), for the purpose of operating a grocery store. The terms of the Lease Agreement contemplated a leasehold beginning April 1, 2016 and ending March 31, 2018. The sum value of the Lease is $54,000.00 per annum to be paid in monthly increments of $4,500.00 with rent due

570396

and payable in advance on the last day of each preceding month. Additionally, the Debtor was responsible for the payment of utility bills, including electricity, gas and other utilities that were furnished to the Leased Premises.

3. On February 22, 2019 ("Petition Date"), the Debtor filed his voluntary petition for relief pursuant to Chapter 7, Title 11 of the United States Code. Thereafter, William L. Fava was appointed Chapter 7 Trustee ("Trustee"). Since the Lease Agreement terminated by operation of its own terms on March 31, 2018, it was not assumable by the Trustee pursuant to 11 U.S.C. § 365(c)(3). Therefore, it is statutorily deemed rejected. Nevertheless, UDC seeks, in part, by and through the Cautionary Motion filed contemporaneously herewith, a comfort order confirming that the Lease Agreement is deemed rejected as well as the other relief requested herein.

4. Following the Petition Date, UDC housed and continues to house substantial amounts of fixtures, goods and inventory and various other personal property items of every kind and nature previously used by the Debtor in the operation of a Piggly Wiggly Supermarket located in New Albany, Mississippi ("Fixtures, Goods and Inventory") which subsequently became property of the Debtor's bankruptcy estate as of the Petition Date. But for that accommodation for which UDC has been paid nothing, that estate property would have been significantly damaged or destroyed to the substantial detriment of the Debtor's estate. UDC has provided a significant benefit to the estate by housing and maintaining the Fixture, Goods and Inventory, all of which are actual, necessary costs and expenses of preserving the Debtor's estate as contemplated by 11 U.S.C. § 503(b).

5. Specifically, UDC is owed one (1) month of pre-petition rent in the sum of $4,500.00 per month, as evidenced by UDC's amended Proof of Claim attached hereto as Exhibit "1." Moreover, the Movant is owed $906.58 in post-petition utility payments advanced

570396

on behalf of the Debtor as permitted by the Lease Agreement which was converted to a month-to-month tenancy by operation of law upon its expiration on March 31, 2018. Since the Debtor did not provide UDC with a notice of termination of the month-to-month tenancy as statutorily required and otherwise vacated the Leased Premises without removing the Fixtures, Goods and Inventory, UDC has been forced to forego reletting same, thus incurring lost income of $4,500.00 per each post-petition month that rentals were not paid by the Debtor. In the aggregate amount of $31,500.00 and utilities advanced for and on behalf of the Debtor in the amount of $906.58, or $32,406.58, constitute UDC's administrative expense claim against the Debtor's estate. As contemplated by 11 U.S.C. § 503(b)(1), both the unpaid monthly rentals and utilities advanced constitute "actual, necessary costs and expenses of preserving the [Debtor's] estate," and as such, they enjoy the highest priority of distribution afforded by 11 U.S.C. § 507 subordinate only to the administrative expenses of the Trustee as allowed by 11 U.S.C. § 507(a)(1)(C) as contemplated by 11 U.S.C. § 507(a)(2). By and through its companion Cautionary Motion filed herewith, UDC seeks authority from the Court to, inter alia, to sell or otherwise dispose of the Fixtures, Goods and Inventory as defined by the Cautionary Motion pursuant to its Mississippi statutory landlord's lien and apply the proceeds derived from same toward any unpaid pre- and post-petition claims. Alternatively, if the Court does not authorize UDC to sell or otherwise dispose of the Fixtures, Goods and Inventory, that any administrative expense claim award granted by this Application be paid by the Trustee pursuant to the priorities promulgated by 11 U.S.C. § 507.

      6.      For other good and sufficient reasons to be assigned at a hearing regarding this matter.

570396

7. UDC respectfully submits that this Motion or application for administrative expense claim should be set at the same time as its companion Cautionary Motion.

WHEREFORE, UDC respectfully requests the entry of an order awarding it administrative expense claim against the Debtor's estate in the aggregate amount of $32,406.58. To the extent that UDC is not authorized by this Court to sell or otherwise dispose of the Fixtures, Goods and Inventory as defined by the Cautionary Motion pursuant to its statutory landlord's lien, and apply the proceeds toward payment of its pre- and post-petition claims, that the Trustee shall be hereby authorized to pay the award as soon as possible after he has paid the costs of administration of the Debtor's estate. UDC prays for such other general and specific relief as this court may deem just.

THIS, the 30th day of August, 2019.

Respectfully submitted,

UNION DEVELOPMENT CORPORATION

/s/ D. Andrew Phillips
D. ANDREW PHILLIPS (MSB #8509)
ROSAMOND H. POSEY (MSB #101247)

OF COUNSEL:

MITCHELL, McNUTT & SAMS, P.A.
P.O. Box 947
Oxford, MS 38655-0947
(662) 234-4845
aphillips@mitchellmcnutt.com
rposey@mitchellmcnutt.com

570396

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 30th day of August, 2019, a copy of the foregoing Motion was served on the parties listed below by first-class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party:

    Denvil F. Crowe, Esquire
Court@denvilcrowe.com

    William L. Fava
Chapter 7 Trustee
wfava@favafirm.com

    U.S. Trustee
USTPREgion05.AB.ECF@usdoj.gov

    Gary Lee, Esquire
gwlee@wallacejordan.com

    Thomas A. McKnight, Jr., Esquire
tmcknight@wallacejordan.com

    DATED, this the 30th day of August, 2019.

    /s/ D. Andrew Phillips
    D. Andrew Phillips

570396