UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:     MICHAEL E. MANSEL                                    CASE NO. 19-10761-JDW

CAUTIONARY MOTION OF UNION DEVELOPMENT CORPORATION
TO CONFIRM LEASEHOLD DEEMED REJECTED BY OPERATION
OF LAW, RELIEF FROM THE AUTOMATIC STAY TO THE EXTENT
APPLICABLE, FOR ABANDONMENT OF PROPERTY OF THE ESTATE
AND AUTHORITY TO DISPOSE OF OR DESTROY GOODS
AND INVENTORY HOUSED IN LEASEHOLD AND FOR OTHER RELIEF

Union Development Corporation ("UDC" or "Movant") files this Cautionary Motion ("Cautionary Motion") to confirm that a certain leasehold has been deemed rejected by operation of law, relief from the automatic stay to the extent applicable, for abandonment of property of the debtor's estate and, moreover, for authority to dispose of or destroy goods and inventory presently housed in the leasehold more specifically described herein and for other relief, and in support thereof would show as follows, to-wit:

1.  This Court has jurisdiction over the subject matter herein and the parties hereto pursuant to 28 U.S.C. § 1334, 11 U.S.C. §§ 105, 362, 365, 554, along with other related statutes and rules.  This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A), (B), (G), (M) and (O).

2.  On April 1, 2016, the debtor, Michael E. Mansel ("Debtor" or "Mansel"), executed an Agreement of Lease for the benefit of UDC, a copy of which is attached hereto and incorporated herein by reference as Exhibit "1" ("Lease Agreement") for the lease of approximately 14,000 commercial square feet located in the south end of Lamar Shopping Center at the corner of Bankhead and Highway 30 in New Albany, Mississippi ("Leased Premises), for the purpose of operating a grocery store.  The terms of the Lease Agreement contemplated a leasehold beginning April 1, 2016 and ending March 31, 2018.  The sum value of

570389

the Lease is $54,000.00 per annum to be paid in monthly increments of $4,500.00 with rent due and payable in advance on the last day of each preceding month. Additionally, the Debtor was responsible for the payment of utility bills, including electricity, gas and other utilities that were furnished to the Leased Premises.

3. On February 22, 2019 ("Petition Date"), the Debtor filed his voluntary petition for relief pursuant to Chapter 7, Title 11 of the United States Code. Thereafter, William L. Fava was appointed Chapter 7 Trustee ("Trustee"). Since the Lease Agreement terminated by operation of its own terms on March 31, 2018, it was not assumable by the Trustee pursuant to 11 U.S.C. § 365(c)(3). Therefore, it is statutorily deemed rejected. Nevertheless, this motion seeks, in part, a comfort order confirming that the Lease Agreement is deemed rejected as well as the other relief requested herein.

4. Following the Petition Date, UDC housed and continues to house substantial amounts of fixtures, goods and inventory and various other personal property items of every kind and nature previously used by the Debtor in the operation of a Piggly Wiggly Supermarket located in New Albany, Mississippi ("Fixtures, Goods and Inventory") which subsequently became property of the Debtor's bankruptcy estate as of the Petition Date. But for that accommodation for which UDC has been paid nothing, that estate property would have been significantly damaged or destroyed to the substantial detriment of the Debtor's estate. Although there has been no formal determination by the Court regarding the extent, validity and priority of liens, Piggly Wiggly Alabama Distributing Co. ("Piggly Wiggly, Inc."), Inc. may, upon information and belief, assert a lien or liens encumbering some or all of the Fixtures, Goods and Inventory located in the Leased Premises. Nevertheless, that entity or any other creditor or party in interest have sought relief from the automatic stay protecting the Debtor's interest in same nor,

570389

sought the abandonment of the referenced property from the Debtor's estate.  UDC has provided a significant benefit to the estate by housing and maintaining the Fixture, Goods and Inventory and, as such, by its motion filed contemporaneously herewith, seeks the allowance and payment of administrative expense claim for the amount of unpaid post-petition rentals, as well as post-petition utilities advanced by UDC, all of which are actual, necessary costs and expenses of preserving the Debtor's estate as contemplated by 11 U.S.C. § 503(b).  However, the continued presence of the Fixtures, Goods and Inventory has prevented UDC from releasing the Leased Premises to another party causing it additional harm and damages.

5. As such, UDC requests that any automatic stay, contemplated by 11 U.S.C. § 362, presently protecting the Debtor's interests in the Fixtures, Goods and Inventory be immediately lifted and, moreover, that same be deemed abandoned from the Debtor's estate pursuant to 11 U.S.C. § 5554.  Furthermore, that UDC be authorized to sell or dispose of the Fixtures, Goods and Inventory or otherwise dispose of same at its sole discretion so that the Leased Premises may be cleaned, remarketed and relet for the benefit of UDC's commercial enterprise.  Further, that UDC be authorized, pursuant to its statutory landlord's lien codified by § 89-7-1 of MISS. CODE ANN. to apply the proceeds derived from the sale of any Fixtures, Goods and Inventory to any sums due it as evidenced by its Amended Proof of Claim filed contemporaneously herewith, as well as any unpaid post-petition monthly rentals and utilities which are also the subject of UDC's companion Motion for Allowance and Payment of Administrative Expense Claim.  Thereafter, in the unexpected event that all sums due UDC arising from the Lease Agreement are paid in full, Movant will thereafter remit any remaining monies to the Trustee for subsequent distribution to the Debtor's creditors pursuant to the priorities promulgated by 11 U.S.C. § 507.  Further, that

570389

UDC shall be authorized to immediately begin marketing the Leased Premises for releasing at its earliest opportunity.

6. Since almost six (6) months have expired since the Debtor's Petition Date rendering UDC at bay from releting the premises, the Movant respectfully requests that this matter be set at the Court's earliest convenience so that the relief requested herein may be afforded as soon as possible.

7. The provisions of Rule 4001 of the Federal Rules of Bankruptcy Procedure which would stay for fourteen (14) days the relief requested by UDC herein should be waived or otherwise not apply.

8. For other good and sufficient reasons to be assigned at a hearing regarding this matter.

WHEREFORE, UDC hereby requests the entry of a comfort order deeming the Lease Agreement rejected pursuant to the provisions of 11 U.S.C. § 365(c)(3) or otherwise, relief from the automatic stay as contemplated by 11 U.S.C. § 362 presently protecting the Debtor's interest in the Fixtures, Goods and Inventory as described herein and, moreover, for abandonment of same from the Debtor's estate as contemplated by 11 U.S.C. § 554.  Further, UDC respectfully requests that any order disposing of this Motion further provide it authority, pursuant to its statutory landlord's lien, to sale or otherwise dispose of the Fixtures, Goods and Inventory at its sole discretion.  Further, that to the extent that all sums due UDC pursuant to the Lease Agreement are paid in full that it be authorized to pay any excess monies derived from the liquidation of Fixtures, Goods and Inventory unto the Trustee for subsequent distribution to the Debtor's creditors pursuant to the priorities promulgated by 11 U.S.C. § 507 so that it may relet

570389

the Leased Premises as soon as possible.  UDC prays for such other general and specific relief as this court may deem just.

  THIS, the 30th day of August, 2019.

        Respectfully submitted,

        UNION DEVELOPMENT CORPORATION

        /s/ D. Andrew Phillips
        D. ANDREW PHILLIPS (MSB #8509)
        ROSAMOND H. POSEY (MSB #101247)

OF COUNSEL:

MITCHELL, McNUTT & SAMS, P.A.
P.O. Box 947
Oxford, MS  38655-0947
(662) 234-4845
aphillips@mitchellmcnutt.com
rposey@mitchellmcnutt.com

570389

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of August, 2019, a copy of the foregoing Motion was served on the parties listed below by first-class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party:

Denvil F. Crowe, Esquire
Court@denvilcrowe.com

William L. Fava
Chapter 7 Trustee
wfava@favafirm.com

U.S. Trustee
USTPREgion05.AB.ECF@usdoj.gov

Gary Lee, Esquire
gwlee@wallacejordan.com

Thomas A. McKnight, Jr., Esquire
tmcknight@wallacejordan.com

DATED, this the 30th day of August, 2019.

/s/ D. Andrew Phillips
D. Andrew Phillips

570389

# AGREEMENT OF LEASE

Agreement of lease, made as of this \_\_1st\_\_ day of \_\_April_____, 2016, between Union Development Company and Mike Mansel, d/b/a Piggly Wiggly Supermarket.

## WITNESSETH:

Article I: Premises

Commencing April 1, 2016, Union Development Corporation, hereinafter referred to as Lessor, which expression shall include its successors, and assigns where the context so admits, does hereby lease to Mike Mansel, d/b/a Piggly Wiggly Supermarket, hereinafter referred to as Lessee, which expression shall include all his successors, executors, administrators and assigns where the context so admits, approximately 14,000 square feet located in the south end of the Lamar Shopping Center, and the corner of Bankhead and Highway 30, New Albany, Mississippi, for a period in which to operate a grocery store.

Article II: Terms

The terms of this lease shall be for a period of two years beginning April 1, 2016, and ending March 31, 2018. The Lessee shall have an option to release another two years at an agreed price.

Article III: Rent

The Lessee shall pay to the Lessor rent based at a rate of $54,000.00 per annum to be paid in monthly increments of $4,500.00 per month. Rent shall be paid in advance by the last day of each preceding month and mailed or delivered in the manner and to the address noted in Article VII. Late payment -- $250.00 fine.

Article IV: Utilities

The Lessee shall bear responsibility for the bills for electricity, gas and other utilities that are presently furnished to the leased premises and presently metered.

The Lessor shall have no obligation to provide utilities or equipment within the premises as of the commencement dates of this lease. In the event Lessee requires additional utilities or equipment, the installation and maintenance thereof shall be the Lessee's obligation, provided that such installation shall be subject to the written consent of the Lessor.

Article V: Use of Leased Premises

The Lessee shall use the leased premises only for the purpose of engaging in the retail sale of groceries.

Article VI: Compliance with Laws

The Lessee acknowledges that no trade or occupation shall be conducted in the leased premises or use made thereof which will be unlawful, improper, offensive, or contrary to any law or any municipal by-law or ordinance in force in the city or town in which the premises are situated.



EXHIBIT 1

Article VI: Mailing Address

Lease payments shall be mailed or delivered to:

> Union Development Corporation
> c/o Swetland Cook, PLLC
> 2409 South Lamar Blvd.
> Oxford, MS 38655

This document contains the entire agreement of lease between the parties. Any and all modifications thereto must be made in writing and affixed to this document.

IN WITNESS WHEREOF, the aid party hereunto set their hands and seals this the ___1st___ day of ___April___, 2016.

_____
MIKE MANSEL/LESSEE
d/b/a Piggly Wiggly Supermarket

UNION DEVELOPMENT CORPORATION

By:

_____
Betty Peeples
Vice-President/Lessor

STATE OF MISSISSIPPI
COUNTY OF UNION

Personally appeared before me, the undersigned authority in and for the said county and state, on this the ___1st___ day of ___April___, 2016, within my jurisdiction, the within named BETTY PEEBLES and MIKE MANSEL who acknowledged that he executed the above and foregoing instrument.

*Phyllis Stanford*
NOTARY PUBLIC
By *Linda Wells* DC

MY COMMISSION EXPIRES:

_____

[Seal: CIRCUIT CLERK & EX OFFICIO NOTARY PUBLIC, UNION COUNTY, MS — My Commission Expires January 2, 2020]

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

IN RE:   MICHAEL E. MANSEL   CASE NO. 19-10761-JDW

**ORDER GRANTING CAUTIONARY MOTION OF UNION DEVELOPMENT CORPORATION TO CONFIRM LEASEHOLD DEEMED REJECTED BY OPERATION OF LAW, RELIEF FROM THE AUTOMATIC STAY TO THE EXTENT APPLICABLE, FOR ABANDONMENT OF PROPERTY OF THE ESTATE AND AUTHORITY TO DISPOSE OF OR DESTROY GOODS AND INVENTORY HOUSED IN LEASEHOLD AND FOR OTHER RELIEF**

On consideration before the Court is the Cautionary Motion of Union Development Corporation ("UDC" or "Movant") to confirm that a certain leasehold has been deemed rejected by operation of law, relief from the automatic stay to the extent applicable, for abandonment of property from the debtor's estate and, moreover, for authority to sell or otherwise dispose Fixtures, Goods and Inventory at its sole discretion, as fully defined by the Motion, housed in the leasehold and for other relief ("Cautionary Motion"); no timely response to the motion having been filed, the Cautionary Motion is hereby granted and, furthermore:

1. The Lease Agreement described in the Cautionary Motion is deemed rejected by operation of law pursuant to 11 U.S.C. § 365(c)(3); and

570392

2. Any automatic stay as contemplated by 11 U.S.C. § 362 presently protecting the interests of the Debtor, Michael E. Mansel d/b/a Piggly Wiggly Supermarket ("Debtor") in the Fixtures, Goods and Inventory as defined by the Cautionary Motion, is hereby deemed lifted; and

3. Furthermore, that the Fixtures, Goods and Inventory presently housed in the Leased Premises, as defined by the Cautionary Motion, is hereby abandoned from the Debtor's estate for the benefit of UDC pursuant to 11 U.S.C. § 554; and

4. Moreover, UDC is expressly authorized pursuant to its statutory landlord's lien and this order to sell or otherwise dispose at its sole discretion of the Fixtures, Goods and Inventory as defined by the Cautionary Motion or otherwise destroy same and, moreover, apply the proceeds derived from the sale of same to any pre- and post-petition sums due it pursuant to the Lease Agreement. Thereafter, to the extent that any surplus sales proceeds exist, that they shall be paid unto the Trustee to be distributed, pursuant to the priorities promulgated by 11 U.S.C. § 507, including any administrative expense claim awarded to UDC pursuant to its companion motion seeking same.

*** END OF ORDER ***

Submitted by:

/s/ D. Andrew Phillips
D. ANDREW PHILLIPS (MSB #8509)
MITCHELL, McNUTT & SAMS, P.A.
P.O. Box 947
Oxford, MS 38655-0947
(662) 234-4845
aphillips@mitchellmcnutt.com

570392