# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE: <br><br> MICHAEL E. MANSEL, <br><br> Debtor. | ) <br> ) <br> ) **Case No. 19-10761-JDW** <br> ) <br> ) |
| PIGGLY WIGGLY ALABAMA DISTRIBUTING COMPANY, INC., <br><br> Plaintiff, <br> v. <br><br> MICHAEL E. MANSEL, <br><br> Defendant. | ) <br> ) <br> ) <br> ) **A.P. No. 19-01028** <br> ) <br> ) <br> ) <br> ) |

## SECOND AMENDED COMPLAINT TO DETERMINE
## THE DISCHARGEABILITY OF A DEBT

**COMES NOW**, the plaintiff, Piggly Wiggly Alabama Distributing Company, Inc. ("Plaintiff") and, pursuant to the Court's Order denying Motion to Dismiss Adversary Proceeding **(Dkt. # 8)**, hereby amends its Complaint to Determine Dischargeability of a Debt **(Dkt. # 1)** against Michael E. Mansel ("Debtor") and states as follows:

1. Plaintiff is an Alabama corporation and a creditor of Debtor.

2. Debtor is an individual who filed a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on February 22, 2019.

3. Plaintiff is objecting to the dischargeability of the Debtor's debt to Plaintiff under 11 U.S.C. § 523(a)(2)(B). Plaintiff further seeks a determination of the amount of the debt and a judgment for said debt against the Debtor.

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(a) and 1334(b), and the United States District Court for the Northern District of Mississippi's Order of Reference of Bankruptcy Cases and Proceedings *Nunc Pro Tunc* dated August 6, 1984.

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

6. Venue is proper for this action under 28 U.S.C. §§ 1408 and 1409.

7. Debtor is the sole shareholder and principal of M.E.M., Inc., a Mississippi corporation ("M.E.M.").

8. In March of 2008, Debtor requested that Plaintiff supply M.E.M. inventory and other goods on credit for M.E.M's grocery store in New Albany, Mississippi.

9. In order to demonstrate his financial condition and creditworthiness as a potential guarantor for M.E.M.'s debt, Debtor furnished to Plaintiff a written Personal Financial Statement (the "Financial Statement") to Plaintiff on March 21, 2008 at 2:27 p.m. A copy of the Financial Statement is attached hereto as Exhibit "A."

10. In the Financial Statement, Debtor represented to Plaintiff that he had a net worth of $1,043,500.00.

11. The bulk of Debtor's net worth represented on the Financial Statement was attributable to Debtor's personal residence located at 1038 County Road 353, Blue Springs, Mississippi. In the Financial Statement, Debtor falsely represented that his residence was worth $625,000.00 and represented that it had no associated mortgage debt.

12. Two and a half years after representing to Plaintiff that his home was worth $625,000.00, Debtor listed his home for sale with an asking price of $224,900.00 on January 15, 2011. Debtor did not sell his home, and he subsequently de-listed the home on June 30, 2011.

13. While a small decrease in a home's valuation between mid-2008 and 2011 could be attributable to a 1.5% market correction in the housing market in Union County, Mississippi during that period,[1] Debtor's remarkable decrease in his valuation of his home by over $400,000.00 was due to nothing more than his gross overstatement of value to Plaintiff in May of 2008.

14. On February 22, 2019, when Debtor filed his bankruptcy petition, he represented that his home was worth $160,120.00.

15. Debtor's written Financial Statement regarding his financial condition was materially false and was given to Plaintiff with the intent to deceive Plaintiff as to his creditworthiness.

16. Plaintiff reasonably relied on Debtor's written statements regarding his financial condition in the Financial Statement.

17. After providing the Financial Statement to Plaintiff, Debtor executed a Guaranty Agreement dated May 8, 2008 (the "Guaranty") in favor of Plaintiff, by which he agreed to guaranty payment of the debts of M.E.M. to Plaintiff. A copy of the Guaranty is attached hereto as Exhibit "B."

18. M.E.M. subsequently defaulted on its monetary obligations to Plaintiff.

19. On January 7, 2019, Plaintiff, through its counsel, formally gave written notice of default (the "Demand Letter") to M.E.M., declaring M.E.M.'s debt in the amount of $583,870.04

---

[1] U.S. Federal Housing Finance Agency – All-Transactions House Price Index for Union County, MS.

immediately due and payable and demanding payment. A copy of the Demand Letter with its Federal Express tracking number is attached hereto as Exhibit "C."

20. Following the filing of Debtor's Chapter 7 Petition, Plaintiff cancelled and set off stock owned by, and patronage notes owed to, M.E.M.  The setoffs reduced M.E.M.'s debt to Plaintiff down to $443,895.75, exclusive of interest and costs of collection.

21. Pursuant to the terms of the Guaranty, Debtor is personally liable to Plaintiff for the full amount of M.E.M.'s debt to Plaintiff.

22. Debtor has breached the Guaranty by not providing payment and is liable to Plaintiff in the amount of $443,895.75 plus accrued interest and attorney's fees for such breach.

23. Because the extensions and renewals of credit to M.E.M. and Debtor were obtained by Debtor providing the materially false Financial Statement to Plaintiff, Debtor's debt to Plaintiff should not be discharged.

**WHEREFORE**, Plaintiff requests the Court enter judgment in favor of Plaintiff in the amount $443,895.75 plus accrued interest and attorney's fees, and declare the judgment non-dischargeable under 11 U.S.C. § 523(a)(2)(B). Plaintiff requests such other, further, or different relief as the Court deems just.

<u>/s/ Gary W. Lee</u><br>
Thomas A. McKnight, Jr.<br>
Gary W. Lee

**OF COUNSEL:**

Wallace, Jordan, Ratliff & Brandt, L.L.C.
Synovus Bank Building
800 Shades Creek Pkwy., Ste. 400
Birmingham, Alabama 35209
(205) 870-0555
gwlee@wallacejordan.com

## CERTIFICATE OF SERVICE

   I certify that I have on this 16th day of October, 2019, served a copy of the foregoing on the following participants in the Courts Electronic Noticing System electronically using the Court's electronic filing system.

Denvil F. Crowe
The Law Office of Denvil F. Crowe
P.O. Box 1158
346 North Green Street
Tupelo, MS 38802-1158
Denvil@denvilcrowe.com

            */s/ Gary W. Lee*
            OF COUNSEL